AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | Case No. 20-sc-493 |
| Information Associated With Verizon Cellular Towers Providing Service for two addresses located in the District of Columbia During Feb 10, 2020 See Attach A | ) ) ) | Under Seal |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ___New Jersey_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. Section 1951 and 2114 | "Interference with Interstate Commerce by Robbery" "Assault or Robbery Affecting Mail, Money, or Property of the United States" |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Elizabeth Wilson, Postal Inspector

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____Telephone_____ *(specify reliable electronic means)*.

Date: ___03/06/2020___

_____
*Judge's signature*

City and state: Washington, DC

Robin M. Meriweather, Magistrate Judge

*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)* )<br>Information Associated With Verizon Cellular Towers )<br>Providing Service for two addresses located in the )<br>District of Columbia During Feb 10, 2020 See Attach A ) | Case No.  20-sc-493<br><br>Under Seal |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of ____New Jersey____
*(identify the person or describe the property to be searched and give its location)*:

    SEE ATTACHMENT A

        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

    SEE ATTACHMENT B

        **YOU ARE COMMANDED** to execute this warrant on or before _____March 19, 2020_____ *(not to exceed 14 days)*
    ☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Robin M. Meriweather_____ .
                                                                                        *(United States Magistrate Judge)*

        ☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
    § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
        ☑ for __30__ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    __03/06/2020_____        _____
                                                                                        *Judge's signature*

City and state:   __Washington, DC_____        ____Robin M. Meriweather, Magistrate Judge____
                                                                                        *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  20-sc-493 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

        I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to records and information associated with the following cellular

telephone towers ("cell towers") at the following dates and times:

|   | Cell Tower | Date | Time (EDT) |
|---|---|---|---|
| 1 | The cell towers that provided cellular service to 5354 E Street, SE, Washington, D.C. 20019 | February 10, 2020 | 3:20 p.m. – 4:00 p.m. EDT |
| 2 | The cell towers that provided cellular service to 5312 Drake Place, SE, Washington, D.C., 20019 | February 10, 2020 | 3:20 p.m. – 4:00 p.m. EDT |

These records are stored at premises controlled by the Service Providers (Verizon

Wireless, AT&T Corporation, and T-Mobile US, Inc.). The headquarters for each of the wireless

providers are located at:

- Verizon is headquartered at 180 Washington Valley Road, Bedminster, New Jersey;

- AT&T is headquartered at 208 S. Akard St. Dallas, Texas;

- T-Mobile, is headquartered at 12920 SE 38th St., Bellevue, Washington

## ATTACHMENT B

**Particular Things to be Seized and Procedures
to Facilitate Execution of the Warrant**

### I. Information to be disclosed by VERIZON SERVICE PROVIDER to facilitate execution of the warrant

For each cell tower described in Attachment A, the cellular service providers identified

in Attachment A are required to disclose to the United States records and other information (not

including the contents of communications) about all communications made using the cellular

tower(s) identified in Attachment A during the corresponding timeframe(s) listed in Attachment

A, including records that identify:

    A.    the telephone call number and unique identifiers for each wireless device in the vicinity of the tower ("the locally served wireless device") that registered with the tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

    B.    for each communication, the "sectors" (i.e., the faces of the towers) that received a radio signal from each locally served wireless device;

    C.    the date, time, and duration of each communication;

    D.    the source and destination telephone numbers associated with each communication (including the number of the locally served wireless device and the number of the telephone that called, or was called by, the locally served wireless device); and

    E.    the type of communication transmitted through the tower (such as phone call, text message, or data connection).

These records should include records about communications that were initiated before or

terminated after the specified time period, as long as part of the communication occurred during

the relevant time period identified in Attachment A.

### II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. §§ 1951 (of Interference with Interstate Commerce by Robbery) (Using, Carrying, and Possessing a Firearm during a Crime of Violence) and 18 U.S.C. § 2114 (Assault or Robbery Affecting Mail, Money or Property of the United States) ("the target offenses"), that occurred on February 10, 2020, as described in the affidavit submitted in support of this Warrant, including, for each Account, information pertaining to the following matters:

(a) Information that constitutes evidence of the identification or location of the subject or person of interest as identified in the affidavit in support of this Warrant (or otherwise known to law enforcement), as well as associates of that subject, that is, phone numbers of such persons and their associates;

(b) Information that constitutes evidence that a person was present at more than one of the dates/times identified in Attachment A (that is, the dates/times of certain offenses under investigation), including evidence that a phone or phone number appeared at more than one of such dates/times; and

(c) Information that constitutes evidence concerning persons who collaborated, conspired, or assisted (knowingly or unknowingly) in the commission of the criminal activity under investigation.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

### III.  Government procedures for warrant execution

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court.  Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

### CERTIFICATE OF AUTHENTICITY OF DOMESTIC
### RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE
### 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct.  I am employed by [**VERIZON**], and my title is

_____.  I am qualified to authenticate the records attached hereto

because I am familiar with how the records were created, managed, stored, and retrieved.  I state

that the records attached hereto are true duplicates of the original records in the custody of

[**VERIZON**].  The attached records consist of _____ **[GENERALLY DESCRIBE**

**RECORDS (pages/CDs/megabytes)]**.  I further state that:

a.      all records attached to this certificate were made at or near the time of the
occurrence of the matter set forth by, or from information transmitted by, a person with
knowledge of those matters, they were kept in the ordinary course of the regularly conducted
business activity of **[VERIZON]**, and they were made by **[VERIZON]** as a regular practice; and

b.      such records were generated by **[VERIZON'S]** electronic process or system that
produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or
file(s) in the custody of **[VERIZON]** in a manner to ensure that they are true duplicates of the
original records; and

2.      the process or system is regularly verified by **[VERIZON]**, and at all
times pertinent to the records certified here the process and system functioned properly and
normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of
the Federal Rules of Evidence.

_____        _____
Date                                             Signature

AO 95
(Rev. 09/12)

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

## DELAYED-NOTICE SEARCH WARRANT REPORT

The information on this form should be submitted each time judicial action is taken on an application for a delayed-notice search warrant or for an extension of a delayed-notice period.  See 18 U.S.C. § 3103a(d)(1).
NOTE:   If an extension to the notice period is requested, information will need to be submitted for each extension.

**Please enter the information on this form into the InfoWeb Delayed-Notice Search Warrant Reporting System on the J-Net or into CM/ECF version 6.0 or later, if available.**

For more information, see the Delayed-Notice Search Warrant page on the J-Net.

1. **Name of Judge:**    Mag. Robin M. Meriweather            ( ☐  check if state court judge)

2. **Federal Judicial District:**    District of Columbia

3. **Date of Application for Delayed Notice:**    03/6/20

4. **Offense (Most Serious) Specified:**
   - ☐ Drugs      ☐ Fraud      ☐ Weapons      ☐ Immigration      ☐ Terrorism
   - ☐ Sex Offenses      ☐ Theft      ☐ Kidnapping      ☐ Tax
   - ☐ Extortion/Racketeering            ☐ Fugitive/Escape/Supervised Release Violation
   - ☑ Other *(specify)*:      Robbery

5. **Type of Application:**    ☑ Initial request for delay
      ☐ Extension of previously authorized delay
            *(Number of extensions previously granted:* _____ *)*

6. **Judicial Action Taken:**    ☐ Denied      ☐ Granted      ☐ Granted as modified

7. **Case Number (e.g., 'mc' Number) of Warrant:**      _____ : _____ - _____ - _____
            *office      year      type      number*

8. **Period of Delay Authorized in This Action (days):**    30.

9. **Preparer's Name:**  Bianca Forde          **Title:**  Assistant United States Attorney
   **Phone number:**    (202) 252-1706          **Date of report:** 03/6/20

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH VERIZON CELLULAR TELEPHONE TOWERS PROVIDING SERVICE TO** | |
| **5312 DRAKE PLACE, SE, WASHINGTON, D.C. 20019  AND** | **Case No. 20-sc-493** |
| **5354 E ST, SE, WASHINGTON, D.C., 20019** | <u>**Filed Under Seal**</u> |
| **DURING CERTAIN PERIODS OF TIME ON FEBRUARY 10, 2020, MORE FULLY DESCRIBED  IN ATTACHMENT A** | |

**AFFIDAVIT IN SUPPORT OF**
<u>**AN APPLICATION FOR A SEARCH WARRANT**</u>

I, Elizabeth Wilson, being first duly sworn, hereby depose and state as follows:

<u>**INTRODUCTION AND AGENT BACKGROUND**</u>

1.      I make this affidavit in support of an application for a search warrant for certain records and other information pertaining to the cellular telephone towers serving (1) 5312 Drake Pl SE, Washington, D.C., 20019, and (2) 5354 E Street, SE, Washington, D.C., 20019, that are stored at premises controlled by Verizon Wireless ("Verizon Wireless"), AT&T Corporation ("AT&T"), and T-Mobile US, Inc. ("T-Mobile") (collectively, "the Service Providers").[1]  The information to be searched is described in the following paragraphs, and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require the Service Providers to disclose to the government copies of the

---

[1] Verizon Wireless is headquartered at 180 Washington Valley Road, Bedminster, New Jersey; AT&T is headquartered at 208 S. Akard St. Dallas, Texas; and T-Mobile is headquartered at 12920 SE 38th St., Bellevue, Washington.

information further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2.     I am a United States Postal Inspector ("Inspector") with the United States Postal Inspection Service ("USPIS") and, as such, I am a federal law enforcement officer within the meaning of Rule 41(a), Federal Rules of Criminal Procedure, and am authorized to make applications for search and seizure warrants.  I have been a Postal Inspector since 2019 and am currently assigned to the Washington Division Violent Crimes Team working out of the Washington, DC office of the USPIS.  My job duties include investigating criminal activity involving the United States Postal Service ("USPS").  I graduated from the sixteen week USPIS Federal Law Enforcement Training Academy in 2019 and have received criminal investigative training for violations of federal law relating to mail theft, identity theft, mail fraud, prohibited mailings, and violent crimes.  My primary responsibilities include investigating internal workplace violence incidents, and external violent crimes such as robberies, burglaries, and assaults.

3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agencies and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 1951 (Interference with Interstate Commerce by Robbery), and 18 U.S.C. § 2114 (Assault or Robbery Affecting Mail, Money or Property of the United States).

There is also probable cause to search the information described in Attachment A for evidence or instrumentalities of this crimes as further described in Attachment B.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC.  *See* 18 U.S.C. § 3237.

## PROBABLE CAUSE

### *February 10, 2020 Robbery*

6.      On February 10, 2020, U.S. Postal Inspectors responded to the report of a USPS carrier (C-1) robbed while on a postal route.  Specifically, C-1 reported that while delivering mail to 5354 E Street, SE (The "Offense Location") C-1 was approached by the suspect ("S-1").

7.      S-1 asked C-1 "[d]id you do D Street? I'm looking for a package." After C-1 replied "No," S-1 grabbed the chain attached to C-1's belt loop which contained C-1's route keys and an arrow key.[2] After taking possession of C-1's keys, S-1 fled. C-1 immediately notified a USPIS supervisor and flagged down a nearby Metropolitan Police Department ("MPD") officer.

8.      Video surveillance from a nearby parking lot on Drake Place SE shows S-1 appear to place a call on his cellular device immediately after fleeing from the Offense Location.

---

[2] The route keys permit access to apartment complex mailboxes along C-1's route, while the arrow key permits access into U.S. postal boxes available for public use.



9.    The video shows S-1 emerge from the parking lot onto Drake Street, SE, where he paces for a few seconds, with his cellular device to his ear.

10.    Seconds later, a red sedan pulls into the vicinity of 5312 Drake Place SE (the "Flight Location"), as S-1 places his cellular device into his pocket. S-1 enters the passenger side of the vehicle and the vehicle leaves the area.

**BACKGROUND REGARDING PROVIDERS AND CELLULAR PHONES**

11.    In my training and experience, I have learned that Verizon, AT&T, and T-Mobile are companies that provide cellular communications service to the general public.  In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to devices that are within range of the tower's signals.  Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data.  When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it.

12.     Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers.  For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI").  The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

13.     Based on my training and experience, I know that cellular providers, such as Verizon, AT&T, and T-Mobile routinely and in their regular course of business maintain historical records that allow them to determine which wireless devices used cellular towers on the cellular provider's network to send or receive communications.  For each communication sent or received via the wireless provider's network, these records may include: (1) the telephone call number and unique identifiers of the wireless device that connected to the provider's cellular tower and sent or received the communication ("the locally served wireless device"); (2) the cellular tower(s) on the provider's network, as well as the "sector" (*i.e.*, face of the tower),  to which the locally served wireless device connected when sending or receiving the communication; and (3) the date, time, and duration of the communication.  These records may also include the source and destination telephone numbers associated with the communication (including the number of the telephone that was called or that called the locally served wireless device) and the type of communication (e.g., phone call or SMS text message) that was transmitted.

14.     Based on my training and experience, I know that cellular providers, such as Verizon, AT&T, and T-Mobile have the ability to query their historical records to determine which cellular device(s) connected to a particular cellular tower during a given period of time and to produce the information described above.  I also know that cellular providers have the ability to determine which cellular tower(s) provided coverage to a given location at a particular time,

## CONCLUSION

15.     Based on the above facts, there is reason to believe that the records described in Attachment A would identify which wireless device was in the vicinity of the Offense Location and Flight Location, in particular, (1) 5312 Drake Place, SE, Washington, D.C., 20019, and (2) 5354 E Street, SE, Washington, D.C., 20019, immediately before, during, and after the robbery. This information will help the United States to identify and locate the individual(s) who are responsible for the events described above, and determine the nature and scope of their activities.

## AUTHORIZATION REQUEST

16.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

17.     I further request that the Court direct the Service Providers disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.  Because the warrant will be served on the Service Providers, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

18.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These

documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

19.     I further request that the Order require the Service Providers not to notify any person, including individuals whose wireless devices connected to the cellular telephone towers described in Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). Such a requirement is justified because the Order relates to an ongoing criminal investigation that is neither public nor known to the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

Respectfully submitted,

Elizabeth Wilson, Inspector
U.S. Postal Inspection Service

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 6, 2020.

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE